IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL M. FISHER,                    )
                                      )
            Plaintiff,                )
                                      )
    -vs-                              )        Civil Action No.   16-247
                                      )
CAROLYN W. COLVIN,                    )
COMMISSIONER OF SOCIAL SECURITY,      )
                                      )
            Defendant.                )

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross Motions for Summary Judgment. (ECF Nos. 13 and 15).   Both parties have filed Briefs in Support of their Motions. (ECF Nos. 14 and 16).   After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment (ECF No. 13) and denying Defendant's Motion for Summary Judgment. (ECF No. 15).

## I. BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income ("SSI") pursuant to the Social Security Act ("Act").   Plaintiff filed his application alleging he had been disabled since November 1, 2009. (ECF No. 8-5, p. 8)   Administrative Law Judge ("ALJ"), Natalie Appetta, held a hearing on October 22, 2014.   (ECF No. 8-2, pp. 31-90).   On November 4, 2014, the ALJ found that Plaintiff was not disabled under the Social Security Act.   (ECF No. 8-2, pp. 17-30).   After exhausting all of his administrative remedies thereafter, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment.   (ECF Nos. 13 and 15). The issues are now ripe for review.

## II.    LEGAL ANALYSIS

### A.    Standard of Review

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review decisions to deny a complainant's application for benefits under the Act.  This court, however, does not have jurisdiction to review "abuses of agency discretion in refusing to reopen claims for social security benefits." *Califano v. Sanders*, 430 U.S. 99, 107–08 (1977); *Coup v. Heckler*, 834 F.2d 313, 317 (3d Cir. 1987) ("A decision of the Secretary declining to reopen a claim is not judicially reviewable."), *abrogated on other grounds by Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002). Nevertheless, this Court may examine the administrative record to determine whether a *de facto* reopening occurred. *Coup*, 834 F.2d at 317. "A reopening ... will be found 'where the administrative process does not address an earlier decision, but instead reviews the entire record in the new proceeding and reaches a decision on the merits ....' " *Id. (quoting Kane v. Heckler*, 776 F.2d 1130, 1132 (3d Cir. 1985)).

When this court has jurisdiction to review a decision to deny an application for benefits under the Act, the standard of review is whether substantial evidence exists in the record to support the Commissioner's decision.   *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla.   It means such relevant evidence as a reasonable mind might accept as adequate."  *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive.   42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979).   A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998).   Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999).

To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

**B.    Plaintiff's Treating Physicians**

Plaintiff first argues that the ALJ erred in rejecting the opinions of his treating physicians and relying on the opinions of the two non-examining state agency consultants.   (ECF No. 14, pp. 11-14).   The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 416.927(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009). Additionally, I note that state agency opinions merit significant consideration. *See* SSR 96–6p ("Because State agency medical and psychological consultants ... are experts in the Social Security disability programs, ... 20 C.F.R. §§ 404.1527(f) and 416.927(f) require [ALJs] ... to consider their findings of fact about the nature and severity of an individual's impairment(s)....").

In this case, Plaintiff asserts, in part, that the ALJ erred in relying on the state agency consultant opinions. (ECF No. 14, pp. 11-14). The ALJ gave considerable weight to the opinion of the state agency consultants noting only "that these non-treating, non-examining medical professionals are experienced in the review of medical records, assessment of functioning and determination of disability on behalf of the Administration." (ECF No. 8-2, p. 28). Of course that is not a reason to give a consultant controlling weight over a treating physician. Rather, as stated above, ALJs are required to consider state agency consultants because they are experts in the social security disability programs. SSR 96–6p; 20 C.F.R. §§ 404.1527(f) and 416.927(f). That does not mean, however, that they are automatically entitled to "considerable" weight.

An ALJ must provide sufficient explanation of his or her final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). In other words, the ALJ must provide sufficient discussion to allow the court to determine whether his opinion is based on substantial evidence. An ALJ's findings should be as "comprehensive and analytical as feasible," so that the reviewing court may properly exercise its duties under 42 U.S.C. §405(g). *Cotter,* 642 F.2d at 705. Here, the ALJ fails to give any other reason for assigning considerable weight to the state agency consultants. (ECF No. 8-2, p. 28). Without more from the ALJ in this case, I am unable to make

a meaningful and proper review to determine if the ALJ's opinion is based on substantial evidence.

Consequently, remand is warranted on this issue. Therefore, I am remanding for full and proper analysis of all of the medical opinion evidence. On remand, the ALJ should be more specific as to weight given to each opinion and the basis for the same.

### C. Listings 12.04 and 12.06

Plaintiff next argues that the ALJ erred in finding that her mental health conditions do not meet the criteria of mental health listings 12.04 and 12.06. (ECF No. 15, pp. 14-16). In step three of the analysis set forth above, the ALJ must determine if the claimant's impairment meets or is equal to one of the impairments listed in 20 C.F.R., Pt. 404, Subpt. P, Appx. 1. *Jesurum v. v. Secretary of Health and Human Services*, 48 F.3d 114, 117 (3d Cir. 1995). An applicant is *per se* disabled if the impairment is equivalent to a listed impairment and, thus, no further analysis is necessary. *Burnett v. Commissioner,* 220 F.3d 112, 119 (3d Cir. 2000). The Third Circuit has held that:

> Putting the responsibility on the ALJ to identify the relevant listed impairment(s) is consistent with the nature of Social Security disability proceedings which are "inquisitorial rather than adversarial" and in which "[i]t is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits."

*Burnett,* 220 F.3d at 120, n. 2 (quoting *Sims v. Apfel,* 530 U.S. 103 (2000)).

Here, Plaintiff specifically argues that the ALJ failed to provide citations to the evidentiary record and as such this Court is prevented from conducting a meaningful review. (ECF No. 14, pp. 14-15). After a review of the record, I disagree. The ALJ set forth her reasons for assessing why Plaintiff failed to meet Listings 12.04 and 12.06. Thus, I am able to conduct a meaningful review in that regard. Nonetheless, remand on this issue is warranted as the ALJ based this assessment on, *inter alia,* the state agency consultant opinion. Since I am remanding on the issue of the weight given to the medical opinion evidence, the ALJ's analysis of whether Plaintiff

6

meets or equals a listing cannot stand and must be reconsidered on remand, as well.[1]

    An appropriate order shall follow.

---

[1]Plaintiff also suggests that the ALJ should have addressed Plaintiff's claim under Listing 12.02 – Organic Mental Orders.   (ECF No. 14, pp. 15-17).   On remand, the ALJ must identify and discuss all relevant Listings.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL M. FISHER,               )
                                      )
         Plaintiff,          )
                                        )
     -vs-                    )         Civil Action No.   16-247
                                        )
CAROLYN W. COLVIN,          )
COMMISSIONER OF SOCIAL SECURITY,   )
                                        )
        Defendant.        )

AMBROSE, Senior District Judge

## <u>ORDER OF COURT</u>

THEREFORE, this 9th day of January, 2017, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 13) is granted and Defendant's Motion for Summary Judgment (ECF No. 15) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

BY THE COURT:

s/  Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge